DA 09-0117

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 402

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

LIN TORGERSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. DC-04-041
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Maxwell G. Battle, Jr., Battle & Edenfield, Kalispell, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Barbara C. Harris, Assistant
Attorney General, Helena, Montana

Submitted on Briefs:  August 5, 2009

Decided:  November 24, 2009

Filed:

                  _____
                          Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Lin Torgerson was convicted of the Possession of Unlawfully Taken Wildlife, a misdemeanor, and Unlawful Possession of Bird Parts, a misdemeanor. After the trial, Torgerson filed a motion for return of items seized during the investigation, which was denied. Torgerson now appeals the District Court's decision.

¶2 We reverse and remand for further proceedings consistent with this Opinion.

¶3 The issue on appeal is whether the District Court erred in ordering that items seized upon execution of a search warrant be released to the State of Montana, Department of Fish, Wildlife & Parks.

¶4 Game wardens of the Montana Department of Fish, Wildlife & Parks (FWP) received information that Lin Torgerson had violated Montana hunting laws and regulations by illegally taking two whitetail deer and a black bear. FWP began an investigation which led to the issuance of search warrants. Pursuant to the search warrants, numerous items were seized from Lin Torgerson's residence, place of employment (Lloyd Torgerson, Inc.), and a Quonset hut. These items included four deer heads and some bird parts.

¶5 Torgerson was ultimately charged in district court with unlawful possession of wildlife, a felony, and unlawful possession of bird parts, a misdemeanor. On July 14, 2006, the jury found Torgerson guilty of two misdemeanors, one for possession of illegally taken wildlife worth $500, and the other for possession of wild bird parts.

¶6 On July 26, 2006, after the trial was completed, Torgerson moved the District Court to return the items seized during the investigation. The District Court ordered that the items

2

which had been seized but not introduced into evidence at trial be returned to Torgerson, and that those items introduced into evidence at trial were to be held by the clerk of court until further order of the Montana Supreme Court.

¶7 On November 9, 2006, Torgerson was sentenced. Torgerson appealed the judgment and sentence. This Court affirmed the judgment on August 26, 2008. *State v. Torgerson* (*Torgerson 1*), 2008 MT 303, 345 Mont. 532, 192 P.3d 695.

¶8 On October 6, 2008, the State moved the District Court for an order releasing to FWP trial Exhibits 31 through 36. In its motion, the State claimed that Exhibits 31 through 36 were illegally taken and thus should be released to FWP. Exhibit 31 consists of deer antlers in velvet; Exhibits 32, 33, and 34 are whitetail deer mounts; Exhibit 35 is eagle feathers; and Exhibit 36 is an eagle skull. Exhibits 31 through 34 are the items at issue in this appeal.

¶9 On October 9, 2008, the District Court ordered Exhibits 31 through 36 released to the State. FWP took possession of them on October 22, 2008. On December 16, 2008, Torgerson, believing his motion for return of the items in controversy here had not been ruled on, filed a notice of pending motion. In his notice, Torgerson asked for the return of the deer antlers and the three whitetail deer mounts that were admitted into evidence at trial. On December 24, 2008, the State responded to the notice of pending motion stating that the District Court had already ruled on the disposition of the items at issue. In reply, Torgerson argued that his counsel had not received a copy of the State's petition for release of the exhibits and that there had been no hearing on whether the exhibits should be released to FWP.

3

¶10 On February 10, 2009, the District Court, without a further hearing, denied Torgerson's motion for the return of the antler and three whitetail deer mounts, Exhibits 31-34. The District Court reached the merits of the controversy and held that because the Supreme Court held in *Torgerson 1* that there was sufficient evidence to convict Torgerson of unlawfully taking any of the four deer, Exhibits 31-34, he could not establish his right to possession of any of them. *Torgerson 1*, ¶ 55. Torgerson now appeals this order.

¶11 Items seized by the State upon execution of a search warrant are to be returned or disposed of according to statute. Section 46-5-307, MCA, states in pertinent part:

> (1) The prosecutor may file a petition with the court alleging that there exist certain items held as evidence either by the law enforcement agency or the court and that the items no longer have any evidentiary value.
>
> . . .
>
> (2) If the petition requests the destruction or use of contraband, it must describe how destruction is to be accomplished or how the contraband has training or law enforcement value and its contemplated use by a law enforcement agency.
>
> (3) The county attorney shall provide a victim of the offense with a copy of the petition and shall advise the court whether the victim wishes to be heard on the petition.

Section 46-5-307, MCA. Montana law further provides that:

> (1) A person claiming the right to possession of property seized as evidence may apply to the judge for its return. The judge shall give written notice as the judge considers adequate to the prosecutor and all persons who have or may have an interest in the property and shall hold a hearing to determine the right to possession.
>
> (2) If the right to possession is established, the judge shall order the property, other than contraband, returned if:

4

(a) the property is not needed as evidence;

(b) the property is needed and satisfactory arrangements can be made for its return for subsequent use as evidence; or

(c) all proceedings in which the property might be required have been completed.

Section 46-5-312, MCA.

¶12 Torgerson claims that since he was only convicted of illegally taking one deer, he can lawfully claim ownership of at least three of the four exhibits in question. He also claims that Lloyd Torgerson and Aron Torgerson are both other persons who have or may have an interest in these exhibits, and thus the District Court erred in not giving adequate notice and holding a hearing.

¶13 Section 46-5-312(1), MCA, clearly provides that if a person claiming a right to seized property claims an interest in such property, the District Court is to hold a hearing to determine if such person has a right to such possession. Notice of the hearing is to be given to all persons who have or may have an interest in the property. In this instance, Torgerson claims an interest in at least three of the four exhibits in question. A hearing at which Torgerson has an opportunity to establish his right to possession of the seized property has not been held as required by statute. This Court's opinion in *Torgerson 1* did not concern, nor did it establish, whether Torgerson has the right to possession of the exhibits in question. This case must be remanded for a hearing as required by § 46-5-312(1), MCA, followed by entry of appropriate findings of fact and conclusions of law.

¶14 The record does not reflect whether anyone other than Lin Torgerson has claimed the right to possession of Exhibits 31 through 34. Thus, we render no opinion on whether notice of the hearing must be given to anyone other than Lin Torgerson and the State.

¶15 The District Court's order of February 10, 2009, is vacated, and this case is remanded for further proceedings not inconsistent with this Opinion.

/S/ JOHN WARNER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS